In the Matter of the Claim of MORRIS ALTERMAN, against A. I. NAMM & SON et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

*Workmen's Compensation Law — when carpenter regularly employed in department store is engaged in hazardous employment conducted for profit.*

*Alterman* v. *Namm & Son*, 190 App. Div. 76, affirmed.
(Submitted October 20, 1920; decided October 22, 1920.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 31, 1919, unanimously

affirming an award of the state industrial commission made under the Workmen's Compensation Law. Defendant Namm & Son conducted a department store. Claimant with others were regularly employed as carpenters therein. On the day of the accident he was engaged, in the regular course of his employment as a carpenter, in moving partitions on the fifth and sixth floors of the department store, and having completed his work about seven P. M., and being about to leave the plant, he went to a slow moving freight elevator operated by a hand rope on the sixth floor for the purpose of descending to the main floor and to the street. Having gotten on the elevator, it started up instead of down, and in attempting to jump out of the elevator, he sustained injuries and disability. Defendants contended that on the day of the accident the employer was engaged in conducting a large department store, a non-hazardous business, and claimant being in their regular employ was not protected by the Workmen's Compensation Act; that the claimant's particular business was to do ordinary carpentry work about the store, and at the time of the accident the work of an ordinary carpenter was not covered by the act; that in any event, the employer was not engaged in carrying on the carpentry business for pecuniary gain and the provisions of the act in force at the time of the accident did not protect the claimant. The Appellate Division held that claimant was regularly and permanently engaged in a hazardous employment incidental to the employer's business and conducted in connection with that business for the purpose of profit.

*John J. Carlisle* and *Philip J. O'Brien* for appellants.

*Charles D. Newton,* Attorney-General (*E. C. Aiken* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, COLLIN, CARDOZO, MCLAUGHLIN, CRANE and ANDREWS, JJ.